UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BENFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARTHUR MARQUEZ, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CV 25-5689 FMO (JCx) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On July 17, 2025 the court issued a Standing Order Re: Disability Cases (see Dkt. 10, Court's Order of July 17, 2025), which ordered plaintiff to file a request for entry of default no later than seven days after the time the response to the complaint would have been due by the defendant. (Id. at 2). The court admonished plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant against whom entry of default should have been sought." (Id. at 2-3) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, defendant was served with the summons and complaint on July 15, 2025, by personal service. (See Dkt. 11, Proof of Service). Accordingly, defendant's responsive pleading to the Complaint was due no later than August 5, 2025. See Fed. R. Civ. P. 12(a). As of the date

1  of this Order, defendant has not answered the complaint, nor has plaintiff filed a request for entry
2  of default.  (See, generally, Dkt.).

3        A district court may dismiss an action for failure to prosecute or to comply with court orders.
4  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure
5  to prosecute necessary to avoid undue delay in disposing of cases and congestion in court
6  calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss
7  action for failure to comply with any court order).  Dismissal, however, is a severe penalty and
8  should be imposed only after consideration of the relevant factors in favor of and against this
9  extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).
10 These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's
11 need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability
12 of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."
13 Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see
14 Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text,
15 a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to
16 comply.").  "Although it is preferred, it is not required that the district court make explicit findings
17 in order to show that it has considered these factors and [the Ninth Circuit] may review the record
18 independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at
19 1261.

20       Having considered the Pagtalunan factors, the court is persuaded that this action should
21 be dismissed for failure to comply with a court order and failure to prosecute.  Plaintiff's failure to
22 file a request for entry of default hinders the court's ability to move this case toward disposition
23 and indicates that plaintiff does not intend to litigate this action.  In other words, plaintiff's
24 "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to
25 control the pace of the docket rather than the Court."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990
26 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file
27 a request for entry of default would result in a dismissal of the action for lack of prosecution and
28 failure to comply with a court order.  (See Dkt. 10, Court's Order of July 17, 2025, at ¶ 6); see also

1  Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

　　　　Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 20th day of August, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　Fernando M. Olguin
　　　　　　　　　　　　　　　　　　　United States District Judge